ROBERT A. CHAISSON, Judge.
Is Julia Goutierrez appeals from a summary judgment dismissing her claims against the City of Kenner, Officer William D. Campbell, and St. Paul Fire and Marine Insurance Co. in this automobile accident case involving a high speed police chase.[1] For the following reasons, we vacate the judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
The incident giving rise to this suit began on September 20, 2008, at about 8:00 p.m., when two men beat up and robbed a pizza delivery man, and stole his vehicle. There was no indication that weapons were involved in this robbery. The victim reported the matter to the Kenner police department and a bulletin was issued for the vehicle, a blue Chevrolet Cobalt. At 8:52 p.m., Officer William Campbell, who was in his marked police unit, spotted the Cobalt traveling north on the airport access road, which runs between Airline Drive and 1-10. Pursuant to | instructions from Kenner dispatch, Officer Campbell waited for a backup unit before attempting to make a stop. After a second police unit, driven by Officer Paul Lalla, arrived on the scene, the dispatcher instructed Officer Campbell to turn on his siren and flashing lights. Officer Campbell said that as soon as his siren and lights went on, the Cobalt sped away and merged onto I — 10 going east. Officers Campbell and Lalla followed in pursuit of the Cobalt. Various police logs established that approximately 36 seconds elapsed between the time the chase began and the time an accident occurred involving the fleeing suspects, the two police units, the Goutierrezes’ car, and a second car driven by Jessica Sciambra. Other logs showed that at one point in the chase, Officer Campbell’s police unit was traveling over 90 miles per hour. Precise *324 ly how the accident occurred is disputed by the parties.
The Louisiana State Police arrived at the scene and conducted the initial investigation. According to the State Police report, Mrs. Goutierrez was driving east in the center lane of the three-lane highway, followed a few car lengths behind by Ms. Sciambra, and then by Officer Campbell. At the time it was dark and raining. The suspects were originally in the left lane and being followed in that lane by Officer Lalla. The suspects veered into the center lane and struck Mrs. Goutierrez’s vehicle in the rear, then lost control and spun around back into the left lane where they were struck head-on by Officer Lalla. These two vehicles ended up against the left rail of the roadway. After the first impact, Mrs. Goutierrez’s vehicle slowed down and Ms. Sciambra moved into the right lane to avoid hitting it. Officer Campbell also attempted to move into the right lane, but as he moved to the right, the right side of his unit sideswiped the left side of Ms. Sciambra’s vehicle and then collided with Mrs. Goutierrez’s vehicle. These three vehicles all hended up on the right shoulder of the roadway. The suspects fled on foot, but were soon apprehended and arrested after a brief scuffle.
The State Police report was for the most part corroborated by Ms. Sciambra, except in one particular concerning the use of sirens and lights by Officers Campbell and Lalla. Ms. Sciambra testified in deposition that she was sure that she saw emergency lights before the crash, but she was not certain about hearing sirens.
On this same point, both Mr. and Mrs. Goutierrez stated in deposition that they heard no sirens and saw no emergency lights. They also gave recitations of the facts of the accident which were dramatically different from those which appeared in the State Police report. Mr. Goutierrez, riding in the front passenger seat, said that the suspect’s vehicle passed him and his wife on the right, followed by a speeding police unit. It appeared to him that both of these vehicles were moving into the center lane when the suspect’s vehicle spun out of control and was struck by the police unit head-on. He said that at the time of the collision, the two vehicles were straddling the lane markers between the center and left lanes, and that after colliding, the vehicles slid into the left rail. He remembered starting to look back after that initial crash to see if other vehicles were approaching from the rear, and saw no emergency lights and heard no sirens. At that point, he remembers a sharp impact from the back, after which he lost consciousness. Mrs. Goutierrez testified that she witnessed the head-on collision in the left lane a few car lengths ahead of her, but she never saw any emergency lights. She did not remember any collision between her vehicle and a police unit, but she did remember learning, right after the accident while she was still on the right shoulder of the 1-10, that that is what happened.
| (¡Officer Campbell testified in deposition that as he merged onto I — 10, he turned on his emergency lights and siren, just as instructed by the dispatcher. He said that the suspects immediately accelerated to a high speed and that he pursued them. He also stated that during the chase, he does not remember seeing Officer Lalla’s lights or hearing his siren, but that he was paying attention to the suspects. Further, he testified that he did not directly witness any impacts between the suspect’s vehicle and Mrs. Goutierrez’s vehicle or Officer Lalla’s unit, but he did see a cloud of smoke erupt above Ms. Sciambra’s vehicle. He also saw the suspect’s vehicle spinning, and at one point saw its headlights facing west.
*325 Officer Lalla’s deposition testimony was that Officer Campbell’s emergency lights and siren were on during the chase. He did not remember anything after he struck the suspect’s vehicle head-on.
On the above evidence, the trial judge granted the defendants’ motion for summary judgment, and dismissed the case with prejudice. This appeal followed.
DISCUSSION
The standard of appellate review of summary judgments is de novo, and appellate courts thus use the same criteria as the lower courts in determining whether the papers on file establish that there is no dispute as to any material fact, and that mover is entitled to judgment as a matter of law, as per La. C.C.P. art. 966(B). Allen v. Exhibition Hall Authority, 02-1072 (La.4/9/03), 842 So.2d 373.
In cases involving high speed police chases, the applicable law is La. R.S. 32:24, which provides generally that drivers of emergency vehicles may ignore traffic laws when involved in such chases provided 1) that they use audio or visual signals sufficient to warn other drivers of their approach, and 2) that the driver proceed with due regard for safety. The statute does not protect the driver of such |7vehicle “from the consequences of his reckless disregard for the safety of others.” La. R.S. 32:24(D).
Whether a driver of an emergency vehicle has acted with reckless disregard for the safety of others is a factual question normally resolved by trial on the merits, but where there are no material facts in dispute, summary judgment may be appropriate. Jones v. Congemi, 01-1345 (La.App. 5 Cir. 5/13/03), 848 So.2d 41. We also note that La. R.S. 32:24 provides a threshold for its application, which is that sirens or emergency lights must be used, and where these are used the statute exonerates drivers from normal negligence, but not from reckless disregard for the safety of others.
In the present case, there is conflicting evidence as to whether the police officers were using sirens and lights. Both Mr. and Mrs. Goutierrez testified in deposition that they heard no sirens and saw no emergency lights. Ms. Sciambra, the only disinterested witness, stated that she saw lights, but was equivocal as to hearing sirens. Both officers said that sirens and lights were used. There is thus disputed evidence on this point and resolution of this dispute requires credibility determinations which are not to be made for purposes of summary judgment.
We also note that the State Police report’s version of how the accident occurred is in conflict with that of the Goutierrezes. In Mr. and Mrs. Goutierrez’s version, their vehicle was not struck from behind by the suspect’s vehicle, but more likely by Officer Campbell’s unit. Both versions of the events indicate that Officer Campbell’s unit did strike the Goutierrez vehicle in the rear. The defendants argue that Officer Campbell’s decision to initiate the pursuit was not gross negligence and that the pursuit was so brief that he did not have an opportunity to terminate it before the accident occurred. However, if in fact Officer Campbell’s unit did strike the Gouti-errez vehicle, then not only are the | ¡^decisions to initiate and/or terminate the pursuit at issue, but the manner in which Officer Campbell operated his unit during the brief pursuit, and whether or not he had proper control of his unit during the pursuit, are also at issue.
Because of these conflicts in the evidence, credibility - determinations must be made and factual inferences must be drawn before the proper legal analysis can be applied. In these circumstances, there *326 are material facts at issue, and therefore summary judgment was improper.
CONCLUSION
For the foregoing reasons, the summary judgment dismissing Mrs. Goutierrez’s claims against the City of Kenner, Officer William D. Campbell, and St. Paul Fire and Marine Insurance Co., is hereby vacated, and the matter is remanded to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

. Mrs. Goutierrez’s husband, Shelly Goutier-rez, was also an original plaintiff in this matter; however, he died in 2012, some four years after the accident which is the subject of this suit.